J. M. FAUBION V. WESTERN UNION TELEGRAPH COMPANY ET AL.

Decided May 14, 1904.

**1.—Telegraph—Special Delivery Charges—Negligence Not Pleaded.**

Where in an action against a telegraph company for nondelivery of a message, it was not pleaded that the company was guilty of negligence in failing to send a service message to ascertain if the sender would guarantee the payment of the necessary special delivery charges, the addressee being outside the free delivery limits, error could not be predicated upon the failure of the court to submit that issue.

**2.—Same—Definition of Negligence.**

A charge defining negligence as "the failure to do that which an ordinary prudent person under all the circumstances of the case would do, or doing that which an ordinarily prudent person under all the circumstances of the case would not do," while not to be approved, is not reversible error.

**3.—Same—Lines Not Working.**

Where a telegraph company, at the time it receives a message for transmission, has no notice that its lines are down and not working it is entitled to plead such condition of the lines as an excuse for its failure to promptly transmit the message; and it is not the duty of the company, after ascertaining that its wires are down, to undertake the delivery of the message by any other method, or by any other telegraph or telephone line.

**4.—Same—Duty of Notifying Sender.**

Where a telegraph company, after receiving a message for transmission, ascertains that its wires are down and not working, the duty of so notifying the sender is not an absolute one, and in this case it was a question for the jury whether or not, under all the circumstances, a reasonably prudent person would have pursued the course adopted by the company's agent in attempting to get word to the sender by some one of the many persons who were passing towards his home.

**5.—Assignment of Error.**

Assignments of error can not be enlarged by propositions made under them so as to include a different ground of attack from that specified in the assignments.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*Edgar Scurry* and *Matlock, Miller & Dycus,* for appellant.

*Stanley, Spoonts & Thompson, L. H. Mathis,* and *J. H. Barwise, Jr.,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellant sued the appellees, Western Union Telegraph Company and Texas Telegraph and Telephone Company, in the District Court of Wichita County, to recover damages because of mental anguish suffered by him in consequence of their failure to transmit and deliver to him at Wichita Falls certain telegraphic messages notifying him of the serious illness and death of his father at Leander. From a judgment in favor of both telegraph companies the plaintiff in the case has appealed. In his amended petition appellant alleged that in the transmission of messages from Leander to Wichita Falls the appellees were partners, and that each was the agent of the other. That on February 28, 1902, W. M. Faubion, the father of appellant, was in imminent danger of dissolution at his home near Lean-

der, Texas, and on said day C. F. Faubion, appellant's brother, caused to be delivered to the appellee Texas Telegraph and Telephone Company a message directed to appellant at Wichita Falls, Texas, apprising him of such illness, to be sent by way of the wires of said last named company to Austin, and thence by way of the Western Union to Wichita Falls. That the appellee Texas Telegraph and Telephone Company accepted said message for transmission and delivery to appellant, and did not then, or thereafter, notify the sender that its wires were out of condition so that said message could not be sent, and that if such notice had been given to the sender he would have notified appellant by some other means. This failure to notify the sender was alleged to be negligence.

It was further alleged that at about 11 o'clock on said day appellant's father died, and then it was that one Parker, acting for the benefit of appellant, sent to appellant another message by the Western Union Telegraph Company's line from Georgetown, Texas, to Wichita Falls, notifying him of the death of his father, which message was not delivered to appellant until it was too late for him to go to Leander and be present at his father's burial. The Western Union company was charged with negligence in the matter of transmission and delivery of the last named message. The Western Union company pleaded general denial, denial of partnership, that appellant resided outside of the free delivery limits of Wichita Falls, Texas, and that no payment or guarantee of payment of special delivery charges was made by the sender of said message. Appellee Texas Telegraph and Telephone Company pleaded a misjoinder of defendants and causes of action, general denial, denial of partnership with the Western Union Telegraph Company; that at the time of receipt of said message its wires were down so that same could not be transmitted, and contributory negligence on the part of appellant.

The first assignment of error presented challenges the action of the court in giving to the jury a peremptory instruction to find for the Western Union Telegraph Company, "because the testimony submitted to the jury clearly raised the issue as to the duty of the said defendant to send to Georgetown, Texas, and thence to Leander, Texas, from Wichita Falls, Texas, a service message to ascertain whether the sender of the message to plaintiff announcing the death of his father would pay or guarantee the payment of the special delivery charges on said message." The only message which passed through the hands of the Western Union company was received by its agent at Wichita Falls at 2:21 p. m., February 28th. It is undisputed that the addressee, the appellant herein, resided outside of the city limits, and was at that time about one-half mile beyond his residence. The city limits were shown to have been the free delivery limits established by the company. It was also shown that the message was not actually delivered until 6:20 p. m. It was also shown to have been the custom and usage of the company to collect extra for delivering outside the limits indicated.

Whether or not it was negligence upon the part of the company to thus fail for so long a time to deliver such message we are not called upon to decide, since the assignment under consideration expressly alleges the charge to have been erroneous because of the alleged duty of the company to send a service message to ascertain whether the sender of the message would pay or guarantee the payment of the necessary special delivery charges; and furthermore, whether or not there was negligence in this particular is immaterial in this case, because no such negligence is alleged in appellant's pleadings as a basis for recovery. To have submitted such an issue would have been to err.

The remaining assignments necessarily relate to the Texas Telegraph and Telephone Company. The definition of negligence given by the court, to wit, "The failure to do that which an ordinary prudent person under all the circumstances of the case would do, or doing that which an ordinarily prudent person under all the circumstances of the case would not do," while not to be approved, was no doubt inadvertent, and is not reversible error. Fort Worth & D. C. Ry. Co. v. Partin, 33 Texas Civ. App., —, 76 S. W. Rep., 236. We do not think it was the duty of the Texas Telegraph and Telephone Company, after having ascertained that its wires were down, to undertake the delivery of the message by any other method, or by any other telegraph or telephone line. Failure in this respect was not alleged as a ground for recovery in the case. W. U. Tel. Co. v. Sorsby, 29 Texas Civ. App., 345, 69 S. W. Rep., 122. It appears that the company had no notice that its lines were not working at the time of the receipt of the message, and hence is in a position to plead such condition of its lines as an excuse for its failure to promptly transmit the same. W. U. Tel. Co. v. Birge-Forbes Company, 29 Texas Civ. App., 546, 69 S. W. Rep., 181.

. The fifth and sixth assignments of error complain of the court's action in giving special charges numbers 4 and 5, requested by appellee, because said charges did not present a correct proposition of law, and were not applicable to the facts or pleadings in the case. The charges are very similar, and present to the jury the question of whether or not appellee's agent at Leander used ordinary care to notify the sender of the message of its inability to transmit the same after having learned of the condition of its line. The contention of appellant is that under such circumstances it is the duty of a telegraph company to notify the sender of its inability to comply with its contract. But we do not understand the rule to be that its duty in this respect is absolute. At most it can only be a question of whether or not, under all the circumstances, a reasonably prudent person would pursue such course; but in this case the court has in effect assumed that the company was under such obligation, and submitted to the jury whether or not, in discharging this duty, the company adopted means such as a reasonably prudent person under the circumstances would have adopted. We can not say that the appellee's agent was guilty of negligence in attempting to send word to appellant's brother, the sender of the message, by some one of the many

persons who were passing, to his home.   See W. U. Tel. Co. v. Sorsby, supra.   The grounds of appellant's objection to these charges having been explicitly stated in his assignments, we do not think these assignments can be enlarged by the propositions submitted under them so as to include a different ground of attack.   For this reason we do not consider whether these charges gave undue prominence to the issue under discussion or not.

We have carefully considered all of appellant's assignments, and are of the opinion that none of them presents error calling for the reversal of the case.

The judgment is therefore affirmed, without finding it necessary to pass upon the Texas Telegraph and Telephone Company's cross-assignment, complaining of the action of the court in overruling its plea of privilege.

*Affirmed.*