### JULIUS C. CARRERA v J. B. DIBRELL ET AL.

Decided February 21, 1906.

**1.—Implied Contract to Pay—Suit on Mortgage Obligation.**

In a suit upon a mortgage obligation in writing the court gave the following special charge, at the request of plaintiffs: "Where any persons advance money for the use and benefit of another the acceptance by such person of such advancement imposes a personal liability on the person receiving the same, and the law imposes upon such person the duty of repaying the same, unless it is expressly agreed and understood by and between the parties making and receiving such advancement that the same is not to be repaid." Held, not error. If, as the court charged, plaintiffs were entitled by reason of the mortgage to recover of defendant the sum sued for, but for his defenses, then it would not have been error had the court charged the jury in terms that the legal effect of the mortgage was to impose on defendant the duty of repaying the amount. This being so, the defendant was not injuriously affected by the same thing said in effect in another form.

**2.—Undisputed Fact—Harmless Charge.**

At the request of appellees the court gave the following charge: "If you believe from the evidence that at the time the mortgage sued on was executed, it was agreed and understood by and between the defendant and the plaintiffs and W. W. Lipscomb that the total amount to be expended in purchasing and developing said mines and constructing the necessary machinery in connection therewith would not exceed the sum of $60,000, then and in that event your verdict must be for the plaintiffs, unless," etc. Appellees had alleged that they were to pay up to $70,000. The evidence being uncontroverted that appellees paid out over $70,000 the appellant could not have been injured by the mention in the charge of $60,000 as the contract limit instead of $70,000.

Appeal from District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Jos. M. Nealon* and *Z. L. Cobb,* for appellant.—In support of the first four assignments of error and the propositions thereunder set out in the opinion, counsel cited: Baker v. Ashe, 80 Texas, 356-361; Leach v. Wilson Co., 68 Texas, 353; Wichita Land Co. v. State, 80 Texas, 684; Burnett v. Lambach, 39 S. W. Rep., 1015; Fore v. Hittson, 8 S. W. Rep., 292; Gonzales v. Adoue, 58 S. W. Rep., 951; Missouri Ry. Co. v. Mills, 65 S. W. Rep., 74; International & G. N. Ry. Co v. Auchanda, 68 S. W. Rep., 743; Reed v. Western U. Tel. Co., 71 S. W. Rep., 389; Galveston, etc., Ry. Co. v. LeGierse, 51 Texas, 202; International & G. N. Ry. Co. v. Masterson, 51 S. W. Rep., 644; Loving v. Dixon, 56 Texas, 79; Nations v. Thomas, 25 Texas Sup., 223; Houston & T. C. Ry. Co. v. Terry, 42 Texas, 455; Hall v. Johnston, 24 S. W. Rep., 864.

*Turney & Burges,* for appellees.

JAMES, Chief Justice.—The action was brought by appellees to recover upon a mortgage obligation for $15,000, the mortgage having been given them by Carrera upon certain mining stock and a certain mineral collection. The mortgage was established and defendant was liable under the same, unless the defense he set up prevailed. This defense may be explained by giving that part of the court's main charge which submitted the case. We copy it for the further reason that we shall have occasion to refer to it in disposing of certain of the assignments of error.

"You are instructed that the undisputed evidence shows that the defendant, Carrera, executed the mortgage obligation introduced in evidence before you, of date August 5, 1901, and the undisputed evidence shows that plaintiffs, together with Lipscomb, advanced more than $60,000 for the purchase, development and operation of the said mine; and you are instructed that the said mortgage is, upon its face, a valid and binding obligation upon defendant Carrera, and you must return a verdict in favor of plaintiffs, Dibrell and Mosheim, for the said sum of $15,000 together with a foreclosure of a mortgage, unless you believe from a preponderance of the evidence that, as alleged by the defendant as hereinafter submitted to you, at the time of the execution of the mortgage it was agreed and understood between the parties that the said Dibrell, Mosheim and Lipscomb should furnish all the money necessary for the successful operation of said mine, and that they failed to do so; or unless you believe from a preponderance of the evidence as hereinafter submitted to you, that, as alleged by the defendant Carrera, at the time of the execution of said mortgage, it was agreed and understood between plaintiff and Lipscomb, and the said defendant Carrera, that there should be no personal liability of the said Carrera for the payment of the amount named in said mortgage, and that the said one-fourth interest of the said Carrera in said mine was to be only paid for out of the profits, if any, of the said mine accruing to the said Carrera, supplemented by such money as might be applied from his salary.

"Now, if you believe from the evidence that at the time of the execution of said mortgage in evidence before you, and in consideration, or in part consideration therefor, it was agreed and understood between the plaintiffs and Lipscomb and the said Carrera, that the said plaintiffs and the said Lipscomb would furnish all of the money necessary for the successful development of the said mine, but that they failed to do so, and that such failure, if any, on their part, resulted in a failure to receive any profits from said mine and caused the enterprise to be unsuccessful, then and in that event your verdict will be for the defendant Carrera; or if you believe from the evidence that at the time of the execution of said mortgage in evidence before you, it was expressly agreed and understood between the said Dibrell, Mosheim and Lipscomb, and the said Carrera, that the said Carrera was not to become personally liable for the sum named in and secured by said mortgage, but that said sum should only be paid out of such profits, if any, as might accrue from said mine, supplemented by such payments as might be made by the application of one-half of the said Carrera's salary to be paid, then and in that event your verdict should be for the defendant."

The jury returned a verdict against defendant for the amount called for by the mortgage with foreclosure of the lien.

Appellant's assignments of error from one to four relate to the following special instruction: "At the request of the plaintiffs you are hereby instructed that when any persons advance money for the use and benefit of another, that the acceptance by such person of such advancement imposes a personal liability on the person receiving same, and the law imposes upon such person the duty of repaying same and implies a promise on the part of such person to repay same, unless it is expressly stated and understood by and between the parties making and receiving such advancement that the same is not to be repaid."

Appellant's objections to this instruction, as expressed in the various propositions are, first, That it precluded the consideration by the jury of any agreement concerning its satisfaction except its full and ordinary repayment, or the express agreement that it was not to be repaid; and precludes consideration of any agreement as to methods or manner of repayment or that it was to be repaid in any special way, and was in effect a charge to the jury to disregard appellant's plea that the money advanced was only to be repaid from his share of the profits. Second, That the special charge of one's obligation to repay money advanced for his use and benefit, if accepted, unless there is an express agreement that the same is not to be repaid, precludes the consideration by the jury of the question of failure of consideration, and in effect was a charge to disregard appellant's plea that the money advanced was advanced under a contract and agreement between appellant and appellees as alleged by appellant. Third. Appellees having sued upon the alleged terms of an express contract, and appellant having alleged terms of said express contract, and the issues being solely upon the terms of said express contract it was material error, prejudicial to defendant, for the court to give the special charge in effect authorizing a verdict upon an implied obligation for one to repay money advanced by another for his use and benefit. Fourth. Where the issue made by the pleadings is upon the terms of an express agreement between the parties and where the court charges in the general charge upon said issues and the same are fully covered by said charge, a special charge upon implied obligation to repay money advanced for one's use and benefit gives undue prominence to and emphasizes contentions of appellees in seeking to recover money under express contract; and Fifth, The general charge of the court having been upon the issues made by the pleading upon the terms of an express contract, the submission of this special charge upon an implied obligation, there being no pleading upon the same, is misleading and confusing and the jury having found a verdict in harmony therewith were confused and misled thereby.

We find ourselves unable to sustain the objections to this charge. Plaintiffs were entitled to recover by reason of the mortgage, provided the defenses interposed by defendant were not substantiated. These defenses were in substance that there were agreements which relieved the defendant from paying, and that plaintiffs failed to perform their contract to advance moneys, and having failed to do this defendant was not liable. The latter is what defendant terms his defense of failure of consideration. The latter defense was distinct from that based on

the agreement or agreements as to repayment. If, as the court charged, plaintiffs were entitled, by reason of the mortgage, to recover of defendant the sum sued for, but for his said defenses, then it would not have been error had the court charged the jury in terms that the legal effect of the mortgage was to impose on defendant the duty of repaying the amount, unless it was agreed and understook by and between the parties that same was not to be repaid. This being so we fail to see how defendant was injuriously affected by the same thing said in effect in another form.

The charge complained of was on the subject of contract duty of defendant to repay, and on this subject it correctly told the jury that there would be no contract duty to repay, if there was an agreement that repayment should not be made. We think that appellant is mistaken in his contention that the tendency of said special insruction was to lead the jury to disregard the agreement or agreements which defendant relied upon. Their attention was directed by this charge to the agreements. The jury could not have read it without knowing that it had reference to the agreements involved in this case and set up by defendant, or without being guided in regard thereto by the specific instructions on that subject in the main charge. There was nothing in the special charge calculated to divert their attention from the main charge on the subject. The defense that plaintiffs had failed to fulfill their contract as to advancing funds, which is spoken of as the defense of failure of consideration, was separate and distinct from the agreement to repay referred to in this special charge. It was a matter therefore, with which the charge did not attempt to deal, and it can not be said to have precluded consideration of that defense.

The rule that a plaintiff can not sue on an express contract and recover on an implied one, is without any application here. It must be admitted that the mortgage contract between the parties imposed on defendant a liability or duty to repay, *prima facie.* The first part of the special charge did no more in effect than tell the jury that this duty existed; and where it did exist upon the undisputed evidence, the form in which the idea may have been expressed would be immaterial. We conclude that the said assignments should be overruled.

There was also given at plaintiffs' request a special charge No. 3, which is as follows:

"At the request of the plaintiffs, you are instructed that if you believe from the evidence that at the time the mortgage herein sued on was executed, it was agreed and understood by and between the defendant and the plaintiffs and W. W. Lipscomb, that the total amount to be expended in purchasing and developing said mines and constructing the necessary machinery in connection therewith would not exceed the sum of sixty thousand dollars then and in that event your verdict must be for the plaintiffs, unless you further believe that at the time said mortgage was executed it was agreed by and between said persons that said sum of fifteen thousand dollars should be repaid only out of the dividends of the company."

Under the seventh assignment of error complaining of this special charge we have the following proposition: "Appellant having pleaded that appellees agreed to furnish all the money necessary to purchase,

develop and operate the property, this charge that the jury must find for appellees if they believed it was agreed that the amount to be expended should not exceed $60,000, precluded the consideration by the jury of appellant's plea of failure of consideration by reason of appellees' failure to advance the necessary amount of money."

It was undisputed that appellees ceased advancing money after there had been paid out something over $70,000. Such was the testimony of plaintiff himself. Under the pleadings and evidence they were to pay out until the mine was in operation, or they were to pay up to some limit. Appellant contends that appellees had alleged they were to pay up to $70,000 according to the allegations in appellees' supplemental petition, and this is the effect of that pleading. Now the evidence being uncontroverted that they paid out over $70,000 defendant could not have been injured by the mention of $60,000 as the contract limit instead of $70,000. The jury must have found there was a limit, otherwise they must necessarily have found for the defendant. Having found there was a limit, it would have made no difference if the special charge quoted had included mention of the issue of failure of consideration. Therefore the complaint that the charge was defective in excluding consideration of that issue, is not well taken, in the sense of requiring a reversal of the judgment. The supplemental petition set up that appellees had advanced a total of $70,000 in accordance with the agreement existing between them and appellant, thereby in effect affirming that the limit was $70,000. The proof of appellees was that $60,000 was the agreed limit. This may have been contrary to appellees' pleading but what difference did it make if the undisputed testimony showed that they expended over $70,000? And we do not see that it could have made any difference in the result whether the special charge said $60,000 or $70,000 because the jury could not have found for plaintiffs under the charge if they believed that there was no fixed contract limit of expenditure as defendant claimed. They must, if they found for plaintiffs under that charge, have found against the defense based upon the theory that appellees were to advance without limit all money necessary to complete the plant.

What is called appellant's sixth assignment of error in his brief, was not filed in the court below and is not in the transcript. It complains for similar reasons of the same special charge No. 3. We think the matter it involves if error at all is not fundamental in its character, so as to authorize it to be considered without an assignment of error.

If an assignment be made which is not strictly in accordance with the rules, we may exercise discretion as to considering it, but where the error complained of is one that is not fundamental, and there is no assignment at all on the subject, we have no discretion in the matter.

We can not sustain the eighth assignment which is that the verdict is against the law and the evidence on both of the defenses.

*Affirmed.*

Writ of error refused.