DEUTSCHMANN v. RYAN et al.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912. On Motion for Rehearing, June 26, 1912.)

1. PROCESS (§ 4*)—NECESSITY—INTERVENTION.

Defendant, having answered plaintiff's petition, was required to take notice of the complaint of one who subsequently intervened as successor in interest to the plaintiff.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 4, 6, 55; Dec. Dig. § 4.*]

2. PROCESS (§ 166*)—SERVICE—WAIVER—INTERVENTION.

Where, after intervention by a third party claiming a liability to himself against the defendant, defendant agreed with plaintiff and intervener as to the time and manner of trial, he could not thereafter object that he was not served with the petition of intervention.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 250–255; Dec. Dig. § 166.*]

3. APPEAL AND ERROR (§ 662*)—STATEMENT OF FACTS—CONCLUSIVENESS.

Since the statement of facts as made up and certified by the trial judge is conclusive as to what the testimony was, assignments that the court erred in many of its findings of fact, such findings being supported by the statement of facts, could not be sustained on the theory that the court in preparing a statement did not confine itself to the stenographer's report.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

4. TRESPASS TO TRY TITLE (§ 53*)—RENTS AND PROFITS—SEQUESTRATION.

Plaintiff sued in trespass to try title on March 9, 1911, with a writ of sequestration, and on March 20th defendant replevied the property sequestered. Plaintiff at this time had no title to the property, he having conveyed it to intervener, and prior to that date having held the title for intervener, who claimed the property against both plaintiff and defendant, and judgment was rendered that intervener recover the land. Held, that plaintiff was not entitled to recover for the use and occupation under the replevin bond either for himself or for intervener, since neither the sequestration nor replevy bond inured to intervener's benefit.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 85, 86; Dec. Dig. § 53.*]

On Motion for Rehearing.

5. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

The Court of Civil Appeals has no authority to revise a judgment of the district court, except on a matter distinctly specified by an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Trespass to try title by C. J. Gray against Selig Deutschmann, in which Joseph Ryan intervened claiming certain sequestered property. From a judgment in favor of intervener against plaintiff and defendant, but denying judgment against defendant and the sureties on a replevin bond, he appeals. Affirmed.

F. H. Booth, of San Antonio, for appellant. Henry E. Vernor, of San Antonio, for appellees.

JAMES, C. J. This action was commenced on March 9, 1911, by a petition in trespass to try title filed by C. J. Gray against appellant, with writ of sequestration, and on March 20th appellant replevied the property. Defendant answered, April 3, 1911, by general demurrer and plea of not guilty, and on same day demanded a jury. On November 13, 1911, Joseph Ryan intervened, claiming title to the property and right of possession "having acquired the same from plaintiff herein," and joined in plaintiff's petition for relief against defendant, and prayed that whatever judgment may be recovered herein by plaintiff inure to the benefit of intervener and be rendered in his name, and that he have recovery against both plaintiff and defendant. No judgment was rendered for plaintiff. The judgment was in favor of Joseph Ryan for the property against C. J. Gray and Selig Deutschmann, but denying judgment against Deutschmann and the sureties on the replevin bond. Deutschmann appeals.

We overrule the first, second, third, and eleventh assignments of error. It is shown that the intervention was filed after defendant had appeared and answered; also that, when the cause was reached for trial on November 20, 1911, defendant requested a postponement until the following Monday, and, upon being notified by the court that there was no jury for that week, he and plaintiff and intervener agreed that the case should be taken from the jury docket and be tried by the court, and it was so tried on November 28, 1911. The propositions under said assignments are: (1) "That when a new party is made in a case, and a

liability to such new party is asserted against the original defendant, or a right or claim to the property in controversy is alleged by such new party, notice of such changed pleading must be served upon the defendant, if he has not made an appearance after the filing of such new pleading." (2) "A judgment rendered against a party without service of process as required by law is void."

[1] Defendant having answered plaintiff's petition, he was required to take notice of the complaint of the subsequent intervener. Bryan v. Lund, 25 Tex. 98; Roller v. Ried, 87 Tex. 76, 26 S. W. 1060; Fleming v. Seeligson, 57 Tex. 525; Deering v. Hurt (Sup.) 2 S. W. 42.

[2] Besides, after the intervention, defendant appears to have agreed with plaintiff and intervener in reference to the time and manner of trial of the cause.

[3] The assignments from fourth to ninth are based upon a complaint to the effect that the court is not authorized, in preparing a statement of facts, to go beyond the stenographer's report, where counsel fail to agree on a statement. These assignments allege that the court erred in many of its findings of fact, because there was no testimony to sustain the findings. The brief does not claim that the findings are not supported by the statement of facts, but that they are not supported by the stenographic record of the testimony. A portion of the stenographer's report is copied in the record, but, on motion, this was stricken out by the court as not properly in the record. Subsequently a motion for certiorari was filed to bring up the stenographer's record, and this we overruled. The statement of facts as made up and certified by the trial judge is conclusive of what the testimony was. We therefore overrule the said assignments. We likewise overrule the tenth assignment, which claims for its foundation the stenographer's report as copied in the record, as against the statement of facts.

Appellee has two cross-assignments.

[4] It appears that the court first gave plaintiff Gray (for the use and benefit of the intervener, Ryan) a judgment on the replevin bond for $108 as rents of the property from and after January 1, 1911. Afterwards, on motion for new trial, it appears that the court "required of plaintiff and intervener to enter a remittitur of the judgment for rents and costs adjudged in the decree against defendant and his sureties upon the replevin bond, * * * to which action of the court in requiring a remittitur the plaintiff and intervener duly objected and in open court excepted," etc. The assignments complain of the above proceeding upon the proposition "that the property in question having been sequestered, and appellant retaining possession thereof by giving replevy bond, he and the sureties there-on are liable for the value of the hire, rent, and revenue thereof." The court found the rental value to be $10 per month. It appears from the statement of facts that, when Gray filed this suit, he had no title to the property, the suit being filed on March 9, 1911, and he had conveyed it to Ryan on January 19, 1911. Prior to the latter date, he held the title for Ryan, but on that date he executed a deed of it to Ryan. It follows from this that Gray was not entitled to judgment for the property. Had there been no intervention by Ryan, and the cause had gone to trial between plaintiff and defendant, the outstanding title in Ryan developed by said deed would have defeated plaintiff. Ryan intervened and asked for judgment for the land against both plaintiff and defendant, and the judgment was that he recover the land of plaintiff and defendant.

The sequestration was by plaintiff and the replevy bond was payable to him. The testimony discloses he was without title, and the judgment rendered was against him. Under these circumstances, we are of opinion that the sequestration and replevy bond did not inure to the benefit of Ryan, and that the court did not err in refusing to enter a judgment upon it.

Affirmed.

### On Motions for Rehearing.

Appellant's motion, after due consideration, is overruled.

The motion by Intervener Ryan insists upon: (1) That his cross-assignments of error should have been sustained and judgment given him upon the replevy bond for rents. The reasons given in the main opinion for overruling this ground of the motion are deemed sufficient. (2) That, if intervener is held not entitled to the benefits of the replevy bond, he was entitled to judgment for the rents against the defendant, or at least to have the judgment so framed that his right of action for the rents against defendant shall not be prejudiced by the judgment. The trial court made this finding: "Plaintiff and intervener are denied recovery for rents against either the defendant or the sureties on his replevin bond." It therefore appears the court decided that intervener was not entitled to recover rents from either the defendant or his sureties. The cross-assignments complain merely of the action of the court in denying a recovery on the bond. They do not present any question of defendant's liability independently of the bond. When we held, in the main opinion, that the benefits of the replevin bond did not inure to intervener, there was nothing for us to do but to overrule the cross-assignments.

[5] We have no authority to revise the judgment of the district court except upon a matter distinctly specified by an assign-

ment of error. We would be doing so if we now made an order that the judgment of the district court should be without prejudice to the right of intervener to prosecute an action against defendant for the rents.

The motion is overruled.