TODD et ux. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.
(No. 1386.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 20, 1915. Rehearing Denied Feb. 11, 1915.)

1. APPEAL AND ERROR ⊙➝931—PRESUMPTIONS —CONCLUSIONS OF FACT AND LAW.

In the absence of a showing in the record that the judge was not requested to file conclusions of fact and law, the presumption is that the court, filing conclusions of fact and law, did so because he was requested as provided

by Vernon's Sayles' Ann. Civ. St. 1914, art. 1989.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. ⊙➝931.]

2. APPEAL AND ERROR ⊙➝719—FINDINGS— REVIEW.

The court on appeal must treat a finding of the trial court as warranted by evidence, when not attacked as erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ⊙➝719.]

3. MUNICIPAL CORPORATIONS ⊙➝394—CHANGING GRADE OF LAND—DAMAGES BY SURFACE WATER.

Where the natural flow of surface water from lots was not changed by change of grade of the lots, the owner of adjacent property could not recover for damages by surface water.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 938–945; Dec. Dig. ⊙➝394.]

4. APPEAL AND ERROR ⊙➝719—CONCLUSIONS REVIEWABLE—ASSIGNMENT OF ERRORS.

Where conclusions of fact and law were filed after the close of the term, the defeated party attacking the conclusions must do so by a distinct assignment of error, as required by the statute and rules prior to 1911.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ⊙➝719.]

Appeal from Special District Court, Bowie County; W. T. Armistead, Judge.

Action by Chas. S. Todd and wife against the St. Louis Southwestern Railway Company of Texas. From a judgment for defendant, plaintiffs appeal. Affirmed.

Lots 1, 2, and 3, in block 22, each fronts east 50 feet on State street in Texarkana, and extends west 140 feet to an alley. Lot 1 is bounded on the north by Third street. Lot 2 adjoins lot 1 on the south, and lot 3 adjoins lot 2 on the south. In 1900 or 1901, one Hardin, who then owned lots 1 and 2, had same graded down to about the level of State and Third streets. In 1902, Hardin conveyed said lots 1 and 2 to F. H. Britton. In August, 1912, appellants became the owners of the north one-half of lot 3, on which a two-story brick house, fronting east 25 feet on State street and extending thence west 100 feet, was situated. After appellants became the owners of said one-half of lot 3, they leased the lower story of the house thereon to one Smith, who used same to carry on his business as a retail grocer. In January, 1913, and at times subsequent thereto, the stock of goods owned by Smith was injured by water entering the storeroom he had leased from appellants. The latter claimed that the water entered the storeroom because of the manner in which lots 1 and 2 had been graded, and, having paid to Smith a sum of money representing damages he had suffered because of the water, and having taken from him an assignment of his claim for such damages, they brought this suit against appellee and sought to recover against it as the owner of said lots 1 and 2

at the times water entered their building the sum they had paid to Smith, sums they had expended in efforts to prevent water from entering the building, and a sum they claimed as damages suffered by them because of injury to the north wall of their building caused by water which, they alleged, had been impounded against same as a result of the manner in which said lots 1 and 2 had been graded and maintained. In their petition appellants alleged that their building was "constructed upon a foundation beneath the surface of the ground made of cement, brick, and mortar, which was substantial, durable, and sufficient foundation for a house of its size and kind," and further alleged as follows:

"That the defendant's said lots numbered 1 and 2, according to their natural lay, were higher at the place where they joined the plaintiffs' lot than they were at either end thereof or the north side thereof. That the defendant or its vendors of said lots graded or caused to be graded its said lots prior to January 1, 1910, and so graded same that the portion of the defendant's said lot No. 2 at and near the central portion of the wall of plaintiffs' said building was much lower than the remainder of lot No. 2 east and west thereof, and was much lower than any portion of lots Nos. 1 and 2, and all the water falling on lots numbered 1 and 2 was by the negligence and carelessness of defendant in permitting said lots to remain in such condition and in maintaining said lots in said condition caused to flow in a basin which was formed by the manner of grading aforesaid, and that the said basin held and retained all the water so flowing or falling into same until it was absorbed or had percolated through the adjoining foundation and wall of plaintiffs' building, and the defendant had been prior to January 3d notified of the conditions aforesaid on their said premises, and they had also been notified by plaintiffs that, by reason of the existence of the said basin and the accumulation of water therein in times of ordinary rainfall, the plaintiffs' building and foundation thereunder had been and would be injured, damaged, and impaired thereby, and the contents of said storeroom damaged, injured, and destroyed.

"That heretofore, about the 3d day of January, 1913, and at sundry times thereafter, there were heavy rainfalls in Texarkana, Tex., and on the property aforesaid. That by reason of the manner of grading and the fact that defendant was maintaining its lots in the condition aforesaid, large quantities of water fell upon defendant's said lots 1 and 2, and which would have naturally flowed away from plaintiffs' building but for the negligent manner of grading aforesaid, was on said account caused to flow into and remain in the basin formed as hereinbefore described, and the same did collect and stand near to and against the foundation and wall of the north side of plaintiffs' said house or storeroom, and so continued to stand there. That same did undermine the foundation of plaintiffs' said storeroom and soak through the mortar, cracks and bricks in said foundation, and softened the ground thereunder, and washed through the lower part of the wall of said building, thereby damaging the plaintiffs' said building in the sum of $500. That the water flowed through the wall thereof into said storeroom and damaged the goods of Paul M. Smith, the plaintiffs' said tenant, in the full sum of $145.75."

The court below found as facts: (1) That F. H. Britton held the title to lots 1 and 2 in trust for appellee; (2) that lots 1, 2, and 3 originally were several feet higher than the grade line established by the city, and were cut down by their respective owners to conform to that line; (3) that lots 1 and 2 were so cut down by Hardin while he owned them, but that in grading them he did not change the natural flow of surface water thereon; (4) and that the flow of surface water on said lots 1 and 2 as graded by Hardin was toward the northwest corner of lot 1 and away from appellants' building. Other findings of fact by said court were stated by him as follows:

"I find that plaintiffs have a concrete floor in their building which is several inches lower than the surface of lot No. 2, and considerably lower than the surface of the west end of the south half of lot No. 3. I further find that at the back of plaintiffs' said building there is an excavation with a concrete floor which is considerably lower than the surrounding soil. I find that after January 1 and prior to January 11, 1913, water seeped into plaintiffs' building through the north and south walls and also ran in the back and front door of the same, and that the goods were damaged to some extent; but I find it impossible to determine from the evidence what damage, if any, was caused by water that came through the north wall. I find that the defendant herein had no notice that water ever came through said north wall until January 11, 1913, and after said damage had occurred. I find again in February, 1914, water ran in said building in practically the same way as in January, 1913, and some of the goods were damaged by moisture; but I find it impossible, from the evidence, to determine what damage, if any, was caused by the water that seeped through the north wall. I find from the evidence that the walls have not been damaged."

The court made other findings, which he designated as "conclusions of law," as follows:

"First. I conclude that plaintiffs have shown that the defendant is the owner of lots 1 and 2, and that it is not responsible for any of the damage for which plaintiffs sue.

"Second. I further conclude that plaintiffs have failed to show that the surface of lots 1 and 2 has been changed so as to cause the surface water thereon to flow over the plaintiffs' lot, or against their wall, or changed in any manner so as to constitute a nuisance. I still further conclude that no illegal use has been made of lots 1 and 2, and that if plaintiffs have been damaged in any way same is damnum absque injuria, and that plaintiffs are not entitled to recover in this suit."

In accordance with the findings made by him, the court rendered judgment that appellants take nothing by their suit.

Chas. S. Todd and P. A. Turner, both of Texarkana, for appellants. Glass, Estes, King & Burford, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The trial was by the court without a jury. It is contended by appellants that the court's conclusions of fact and law, reduced to writing and copied into the record, should not be considered, because it is not made to appear that he was requested by either of the parties to prepare and file such conclusions. It has been held, correct-

ly, we think, with reference to article 1989, Vernon's Sayles' Statutes, that:

"In the absence of a showing in the record that he was not requested to file such conclusions, the presumption will be indulged that the court filed the conclusions of fact and law because he was requested so to do." Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 919.

In the assignments the judgment is attacked as erroneous on two grounds only, stated as follows:

"(1) Because the court erred as a matter of law in holding that the defendant is not liable because the nuisance complained of was not constructed by the defendant but by its vendor. This is error because under the law the excavation or grading made by defendant's vendor constituted and was a continuing nuisance likely to cause damage to plaintiffs' property adjoining by changing the natural flow of water from the lower on to the higher land, and constituted and was a servitude upon the land, and liability went with the ownership of the land.

"(2) Because the undisputed evidence shows that prompt notice and protest was given by plaintiffs to defendant of the injury caused to plaintiffs' property by such nuisance, and the plaintiffs are entitled to recover at least all damages shown to have accrued after such notice, and all cost of preventing further damage."

[2] By referring to the statement above, it will be seen that the court found as a fact that the natural flow of surface water on lots 1 and 2 was not changed by the grading thereof by Hardin. As this finding is not attacked as erroneous in either of the two assignments, this court must treat it as warranted by evidence heard by the trial court. Best v. Kirkendall, 107 S. W. 932; Railway Co. v. Bowles, 88 Tex. 634, 32 S. W. 880; Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; Carrera v. Dibrell, 42 Tex. Civ. App. 99, 95 S. W. 628; Faubion v. Western Union Tel. Co., 36 Tex. Civ. App. 98, 81 S. W. 56; Deutschmann v. Ryan (Mo. App.) 148 S. W. 1140. In the case first cited above the court said:

"The findings of fact by the court have the same force, and are entitled to the same weight, as the verdict of a jury. This court is authorized to overrule them only when they are without any evidence to support them, or when they are so against the great weight and preponderance of the evidence as to be manifestly wrong. It is not claimed in the assignment of error that the finding of fact of the court referred to is subject to either of these objections. It does not present any such question. We cannot say that it was intended to do so, and we cannot so consider it."

[3] If the natural flow of the surface water was not changed by the grading of said lots 1 and 2, then, obviously, the judgment is not erroneous; for appellants would have no right to complain if the damage suffered was due to surface water flowing from said lots as it flowed before they were graded.

[4] It appears from the record that the motion for a new trial in the court below constitutes the assignments of error relied upon here. It further appears that the term of court at which the trial was had ended eight days before the conclusions of fact and law were filed. If it should be contended that appellants therefore could not, in their motion for a new trial acted upon before the conclusions were filed, have attacked as erroneous the specific finding referred to, the answer is that "in such a case," using the language of the court in Overton v. Colored Knights of Pythias, 163 S. W. 1054, "there should be a distinct assignment of error as to this matter filed with the clerk of the trial court, as required by the statute and rules prior to 1911."

The judgment is affirmed.