SPEIGHTS et al. v. SPEIGHTS et al.
(No. 6822.)

(Court of Civil Appeals of Texas. Galveston.
April 13, 1915.)

APPEAL AND ERROR &⇒731—ASSIGNMENTS OF
ERROR—SUFFICIENCY.

An assignment of error that findings of fact are not supported by the "preponderance" of the evidence, but are against it, presents nothing for review, as findings can be overruled on appeal only when they are without any evidence to support them, or are so against the great weight and preponderance of the evidence as to be manifestly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. &⇒731.]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Action by T. G. Speights and others against Exa Speights and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Moss & Leak, of Memphis, and Carter & Walker, of Center, for appellants.

LANE, J. This suit was brought by appellants, T. G. Speights, Sr., J. W. Speights, R. A. Leak, and May Leak, to recover from Exa Speights, Mattie Speights, and Mrs. Mittie Wilson and husband, Allen Wilson, title to a one-half undivided interest in the land described in their petition, and for partition. Appellants are the children and grandchildren and only heirs of Emily Scott Speights, deceased, first wife of J. M. Speights, deceased, father of appellants, and who conveyed the land in question to appellees. Appellants contend that said land was the community property of J. M. Speights and their mother, Emily Scott Speights, who died intestate, and therefore they are the owners of their mother's one-half interest therein. Appellees Exa Speights and Mattie Speights contend that said land was the separate estate of J. M. Speights; that it was conveyed to him by his brothers and sisters as his share in the estate of Rebecca Speights, deceased, the mother of said J. M. Speights and his brothers and sisters; and that J. M. Speights conveyed said land to them. It is conceded that, if the land was the separate property of J. M. Speights, deceased, appellees should recover, but, if it was the community property of J. M. Speights and his deceased wife Emily Scott Speights, appellants should recover one-half interest therein.

The case was tried before the court without a jury, and judgment was entered for appellees Exa and Mattie Speights. The trial court adjourned on the 25th day of April, 1914. On the 27th day of April, 1914, the trial judge filed his finding of facts and conclusions of law, as follows:

"Finding of Facts.

"(1) I find that the land in controversy was titled to Matthew Parker, and was transferred by Matthew Parker and his wife, Elizabeth, to Rebecca Speights December 4, 1847.

"(2) I find as a fact that Rebecca Speights was the mother of J. H. Speights, J. M. Speights, G. W. Speights, Susan Law, and Mary Caraway, and that she died about the year 1857, and left the above-named children surviving her as her only heirs.

"(3) I find that all of said named children, except G. W. Speights, are dead; that J. M. Speights died on or about the —— day of January, 1913; also that he was married to Emily Scott between 1850 and 1853, and that he had three children by her, the said Emily Scott Speights, Dora, who married D. A. Leak; that Dora Leak died some time prior to the institution of this suit, and left R. A. Leak and May Leak, children and her only heirs surviving her; that T. G. Speights, Sr., died after the institution of this suit, and after his father and mother's death, and that he was never married; that the said T. G. Speights, Sr., J. W. Speights, R. A. Leak, and May Leak are the parties plaintiff to this suit.

"(4) I find as a fact that about 1861 or 1862 the said Emily Scott Speights died in Sabine county, Tex., and left surviving her T. G. Speights, Sr., J. W. Speights, and Dora, a daughter, who married D. A. Leak, children and her only heirs surviving her.

"(5) I find as a fact that Exa Speights, Mattie Speights, and Mittie Wilson, defendants herein, are the children of J. M. Speights, deceased, by a marriage subsequent to the death of his wife Emily Scott Speights.

"(6) I find as a fact that about the year 1859 or 1860 there was a partition of the real and personal estate of Rebecca Speights, deceased, among her surviving children and only heirs, namely J. H. Speights, J. M. Speights, G. W. Speights, Susan Low, and Mary Caraway, and that in said partition the land in controversy was apportioned and awarded to J. M. Speights as a portion of his moiety of said estate, and that his brothers and sisters, to wit, J. H. Speights, G. W. Speights, Susan Low, and Mary Caraway, executed to him their deed for the purpose of partition, relinquishing, and conveying to him the land in controversy, which deed was destroyed about 1875, and which was afterwards substituted by a deed executed in 1887 by G. W. Speights, J. M. Speights, Susan Low, and Mary Caraway to him, the said J. M. Speights, and which said deed so destroyed and which substituted deed in lieu thereof were made for the purpose of conveying to and placing the title in J. M. Speights to the land in controversy, it being a portion of his moiety or interest in the estate of the said Rebecca Speights, deceased, as awarded to him in the partition of said estate, the other heirs receiving as their portion of said estate in the partition thereof certain negroes and other personal property equal in value to said land, which said partition so made was satisfactory and agreed to by all of said heirs, and has been recognized and. acquiesced in by them during their lifetime for more than 30 years.

"(7) I find as a fact that the land in controversy was conveyed by J. M. Speights on the 5th day of April, 1911, to his children Exa Speights and Mattie Speights, by deed duly executed by him.

"(8) I find as a fact that the land in controversy was never at any time any part of the community estate of J. M. Speights and his wife Emily Scott Speights, but that the same was separate estate of the said J. M. Speights, and was by him inherited from his mother and partitioned to him as a portion of his moiety in said estate.

"(9) I find as a fact that the said J. M. Speights, by his deed executed on the 5th day of April, 1911, to his daughters Exa Speights

and Mattie Speights conveyed all the right, title, and interest he had in the land in controversy to said children, and that at the time of his death he had no interest or estate of any kind in said land which did or could descend to his heirs.

"(10) I find as a fact that plaintiffs have failed to show that they have any interest or right in the land in controversy, and that the defendants have shown by a preponderance of the evidence that the said Exa Speights and the said Mattie Speights have the legal title to said land.

"Conclusions of Law.

"Therefore, in accordance with the facts as above found by the court, the court concludes that the law is with the defendants Exa and Mattie Lula Speights, and that plaintiffs are not entitled to recover anything, and that their prayer in all things is denied."

Appellants' assignments 1 to 10, inclusive, in their brief, present practically but one proposition, and that is that the finding of facts, conclusion of law, and judgment entered by the trial court was not supported by the preponderance of the evidence, but was against the preponderance of the evidence. This proposition presents nothing for review by this court. Alexander v. Lumber Co., 154 S. W. 235; Cullen v. Emgard, 44 S. W. 538; Degener v. O'Leary, 85 Tex. 171, 19 S. W. 1004; Bennett v. Lumber Co., 148 S. W. 1190; Springer v. Riley, 136 S. W. 580 (on rehearing). None of the assignments insist that there was no evidence, nor sufficient evidence to support the finding of facts and law and judgment, but only that the same was against the preponderance of the evidence.

The finding of facts by the court have the same force and are entitled to same weight as the verdict of a jury. This court is authorized to overrule them only when they are without any evidence to support them, or when they are so against the great weight and preponderance of the evidence as to be manifestly wrong. It is not claimed by the assignments of error that the finding of facts of the court referred to are subject to either of these objections. They do not present any such question. We cannot say that they were intended to do so, and we cannot consider them. An appellate court will not weigh conflicting evidence and balance probabilities and draw inferences in determining an issue of fact. Where there is competent evidence it must be assumed that the court before whom the case was tried based its findings thereon. Funk v. Miller, 142 S. W. 24; Tex. Cent. Ry. v. Dumas, 149 S. W. 543; Todd v. St. Louis S. W. Ry. Co., 173 S. W. 617; Sanborn v. Gunter, 84 Tex. 273, 17 S. W. 117, 20 S. W. 72.

We have, however, taken the trouble to carefully examine the statement of facts, and think the finding of facts and conclusion of law of the trial court are amply supported thereby, and, so believing, the judgment of the court below is in all things affirmed.

Affirmed.