### McDADE v. GIRARDEY. (No. 9096.)

Court of Civil Appeals of Texas. Galveston. March 9, 1928.

Rehearing Denied April 5, 1928.

1. **Trial** ⊗⟹139(1)—**Instructed verdict is not authorized no matter how great may be the preponderance of evidence.**

Trial court is not authorized to instruct jury to return verdict for either party no matter how great may be the preponderance of evidence in favor of party for whom instruction is given, since instructed verdict is only permissible, where there is no evidence raising issue of fact.

2. **Appeal and error** ⊗⟹302(6)—**Appellate court could not consider whether verdict was against preponderance of evidence, where only ground of new trial was that evidence did not sustain verdict.**

Where new trial was not asked on ground that verdict was against so great a preponderance of evidence as to manifest injustice, but only that it was contrary to evidence, that there was no legal evidence to sustain it, and that court erred in failing to instruct for defendant, appellate court could not consider question of whether verdict was so against preponderance of evidence as to have required trial court to grant new trial.

3. **Appeal and error** ⊗⟹742(4)—**Assignment that evidence showed agent was unauthorized to give time to examine title did not support proposition that agent was unauthorized to accept check.**

Assignment predicating error on refusal of trial court to instruct verdict for defendant on ground that undisputed evidence showed that agent of defendant who executed contract was unauthorized to give plaintiff 20 days to examine title of property *held* not to support proposition complaining of verdict and judgment on ground agent had no authority to accept plaintiff's check in payment of earnest money required by contract.

4. **Appeal and error** ⊗⟹742(4)—**Proposition complaining of verdict on ground agent was unauthorized to accept check did not challenge verdict on ground undisputed evidence showed agent had no such authority.**

Proposition complaining of verdict and judgment on ground that agent had no authority

to accept plaintiff's check in payment of earnest money required by contract *held* not to challenge verdict on ground that undisputed evidence showed agent had no authority to accept check in payment of earnest money.

**5. Appeal and error** ⊘⟜1001(1)—**It could not be said as matter of law that contract, approved without objection, was unenforceable for want of authority on part of agent.**

Assuming that proposition challenged verdict on ground that undisputed evidence showed agent had no authority to accept check in payment of earnest money, yet, where there was no showing that plaintiff did not have funds to meet check, and agent stated she preferred check, and no objection was made when contract was approved that check was not equivalent of money, it could not be said as matter of law that evidence disclosed contract was unenforceable on ground agent was unauthorized to accept check for earnest money.

**6. Appeal and error** ⊘⟜742(4)—**Assignment stating evidence required submission of agent's authority did not support proposition complaining of verdict because evidence did not show authority.**

Assignment of error, expressly stating that evidence was sufficient to justify submission of issue as to *whether or not defendant authorized agent to execute contract, held* not to support proposition complaining of verdict on ground there was no evidence to sustain finding by jury that agent was authorized to execute contract.

**7. Appeal and error** ⊘⟜742(1)—**Propositions, unsupported by any assignment of error in record, assuming they raised questions of law, could not be sustained.**

Where propositions were unsupported by any assignment of error contained in record, and only assignment referring to question presented recited that evidence was sufficient to raise issue, which propositions assert *should not have been* submitted to jury, assuming that question of law was presented, *held* that neither could be sustained.

Error from District Court, Harris County; W. E. Monteith, Judge.

Suit by V. F. Girardey against J. M. McDade. To review a judgment for the plaintiff, the defendant brings error. Affirmed.

A. M. Waugh, Woods, John & Cox, and K. C. Barkley, all of Houston, and H. A. Cline, of El Paso, for plaintiff in error.

Campbell, Myer, Campbell & Foster, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by V. F. Girardey, hereinafter designated appellee, against plaintiff in error, hereinafter called appellant, to recover damages for the alleged breach by appellant of a contract of sale to appellee of a lot or parcel of land in Montrose addition to the city of Houston.

The trial in the court below with a jury resulted in a verdict and judgment in favor of appellee for the sum of $1,500.

The two propositions first presented in appellant's brief are thus stated:

"Proposition No. 1. Defendant in error having failed to establish by a preponderance of the testimony that J. M. McDade entered into the alleged contract of sale, or that he agreed to its terms, the court should have instructed the jury to return a verdict for defendant and entered judgment that plaintiff take nothing by his suit."

"Second Proposition under Assignments of Error 5, 6, and 7. It not being shown that Mrs. Lee, the purported agent of J. M. McDade, had authority to receive anything but money to bind the sale to Girardey, the execution and delivery by Girardey of his check only did not constitute a payment of earnest money to bind such sale."

Assignments Nos. 5 and 6 referred to in this proposition complain of the refusal of the court to instruct a verdict for the defendant *without stating the ground upon which such* instruction was requested.

Assignment No. 7 is as follows:

"The court erred in refusing and overruling motion of defendant to instruct the jury to return a verdict in favor of defendant, because the undisputed evidence showed that, to the knowledge of plaintiff, defendant's instructions to his agent, Sadie C. Lee, required a complete sale *within 2 or 3 days, and so negatived and* excluded any authority by virtue of a custom to give the purchaser 20 days within which to satisfy himself as to title."

[1] It is clear that appellant's first proposition presents no error. A trial court is not authorized to instruct a jury to return a verdict for either party, it matters not how great may be the preponderance of evidence in favor of the party for whom the instruction is given. An instructed verdict is only permissible when there is no evidence raising an issue of fact. This rule is so fundamental, and so embedded in our jurisprudence that citation of authority is hardly necessary. We cite, however, Choate v. Ry. Co., 90 Tex. 88, 36 S. W. 247, 37 S. W. 319, one of the leading cases announcing and discussing the rule.

[2] The record further shows that a new trial was not asked on the ground that the verdict was against so great a preponderance of the evidence as to manifest injustice; the only grounds of the motion being the general statements that the verdict was "contrary to the evidence"; "that there was no legal evidence to sustain the verdict"; and that "the court erred in failing to instruct a verdict for the defendant."

Upon this state of the record we are not authorized to consider the question of whether the verdict is so against the great weight and preponderance of the evidence as to have required the trial court to grant a new trial.

The second proposition is not germane to

---

⊘⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the assignments on which it purports to be based, nor to any assignment contained in the record. Ludtke v. Smith (Tex. Civ. App.) 186 S. W. 266; Deutschmann v. Ryan (Tex. Civ. App.) 148 S. W. 1140.

[3-5] It goes without saying that an assignment of error which predicates error on the refusal of the trial court to instruct a verdict for the defendant on the ground that the undisputed evidence shows that the agent of the defendant who executed the contract of sale sued on was unauthorized to give the plaintiff 20 days within which to examine the title to the property will not support a proposition complaining of the verdict and judgment on the ground that the agent had no authority to accept plaintiff's check in payment of the earnest money required by the contract; and we do not think this proposition can be construed as challenging the verdict on the ground that the undisputed evidence shows that the agent had no authority to accept the check in payment of the earnest money, and, for that reason, the contract of sale was unenforceable. If, however, the proposition be so construed, it cannot be sustained. There was no showing that appellee did not have ample funds to meet the check, and his testimony shows that he had the money. The contract was executed after the banks had closed on Saturday evening, and, when appellee proposed to the agent to get the money for her, she stated she preferred the check, as she would rather not have to keep the money in her possession until the following Monday. Appellant had instructed his agent to close the trade as soon as possible, had given her no instructions not to accept a check, and made no objection to the contract when presented for his approval on the ground that appellee's check was not the equivalent of money. No such objection was made by pleading or otherwise in the trial court.

We think it clear that it cannot be held as a matter of law that, on the evidence disclosed by the record, the contract was unenforceable on the ground that the agent of appellant was not authorized to accept appellee's check for the earnest money required by the contract.

The third and fourth propositions presented in appellant's brief are as follows:

"Defendant in error alleges that plaintiff in error had bought and sold real estate and had instructed his agent to execute the contract sued upon. But defendant in error has wholly failed to produce any evidence whatever in support of these allegations.

"Defendant in error failed to produce any evidence whatever to show that Mrs. Lee, the agent, had authority to make the identical contract declared on, which, if anything, was a mere option, and not an out and out contract, for immediate sale and conveyance as authorized by plaintiff in error. The defendant in error relies absolutely on this opinion of Thomas and Bryan to establish the contract declared on, and then only on evidence of a vague and uncertain custom instigated, but not always followed, by Thomas himself. Thomas and Bryan were absolutely strangers to the contract; at no time was it shown that defendant in error himself knew of the custom relied on to establish a contract or that he contracted with that custom in view. His own testimony refutes this idea. The testimony of both the plaintiff in error and the agent Mrs. Lee, contradicts the idea that the agent was empowered to execute an optional contract 'or a contract containing the provision binding plaintiff in error to make immediate conveyance of the property."

Neither of these so-called propositions refer to any supporting assignment of error. The only assignment to which the propositions are at all germane is the first assignment, which complains of the judgment on the ground that:

"The court erred in failing to sustain defendant's motion for an instructed verdict, the evidence being sufficient to justify the submission of the issue as to whether or not J. M. McDade on or about the 10th day of April, 1920, authorized Mrs. Sadie C. Lee to execute the written contract set out in plaintiff's petition, because, while the plaintiff had pleaded, he had failed to prove, a custom authorizing such a contract, but, on the contrary, the witnesses, Thomas and Bryan, negatived the idea that such a custom existed in the City of Houston, or that defendant knew of such custom, and there was no evidence of a custom binding a seller to show a title satisfactory to the purchaser."

[6] As this assignment expressly states that the evidence was sufficient to justify the submission of the issue as to whether or not appellant authorized his agent, Mrs. Lee, to execute the contract, it cannot support a proposition complaining of the verdict on the ground that there was no evidence to sustain a finding by the jury that the agent was authorized to execute the contract.

[7] If these propositions can be construed as presenting any question of law for the decision of this court, neither can be sustained, because they are not only unsupported by any assignment contained in the record, but the only assignment referring to the question presented by the propositions recites that the evidence was sufficient to raise the issue which the propositions assert should not have been submitted to the jury.

Notwithstanding the insufficiency of the assignments and propositions, we have examined the statement of facts, and, in our opinion, the evidence was amply sufficient to sustain the verdict.

It follows that the judgment of the trial court must be affirmed, and it has been so ordered.

Affirmed.