**POINDEXTER v. DAVIS et al. (No. 803.)**

Court of Civil Appeals of Texas. Waco.
May 23, 1929.

Rehearing Denied June 20, 1929.

P. O. French, of Fairfield, and W. J. Bryant, of Wortham, for appellant.

James E. Gresham, of Mexia, and Williford & Williford, of Fairfield, for appellees.

BARCUS, J. Appellant instituted this suit to foreclose a vendor's and a mechanic's lien against 43 acres of land, claiming that said liens were superior to a lien held by the Federal Land Bank. Appellant further claimed that Joseph Nussbaum, Julius Nussbaum, and J. Desenberg, constituting the partnership of Nussbaum & Co., were liable to him personally on the vendor's lien notes sued on by reason of certain false and fraudulent representations they made to him at the time he purchased said notes. The cause was tried to the court, and resulted in a judgment being rendered giving the Federal Land Bank a first lien on the land to secure its debt, giving appellant a mechanic's first lien on the house that had been built on the land, and giving appellant a second lien on the land to secure his debt, and giving judgment for the defendants Nussbaum & Co. The appeal is only from that portion of the judgment which refused appellant any recovery against Nussbaum & Co.

It appears from the record that Nussbaum & Co. conveyed 108 acres of land to O. W. Davis, retaining a vendor's lien to secure certain portions of the purchase price. Thereafter, in November, 1918, O. W. Davis conveyed to his son, David A. Davis, 43 acres of said land, and retained six vendor's lien notes of $174.48 each as part of the purchase price, payable one to six years after date. Said six notes were indorsed by O. W. Davis in blank and without executing a written transfer, were by him delivered to Nussbaum & Co. as additional security for the notes which they held against him on the entire 108-acre tract. In February, 1919, prior to the due date of the first of said six notes, O. W. Davis went to Nussbaum & Co., and paid the amount due on the first three notes, and Nussbaum & Co. credited said amount on the vendor's lien notes due them by O. W. Davis, and delivered said three notes back to O. W. Davis. O. W. Davis had obtained the money to pay said three notes by borrowing same from the Federal Land Bank, and O. W. Davis transferred said first three notes to the Federal Land Bank, and made the lien to secure said notes a first and superior lien to that held by him to secure the last three notes. In November, 1923, Nussbaum & Co., on a regular form, at the request of appellant and David A. Davis, transferred to appellant the last three of said notes given by David A. Davis to O. W. Davis, in consideration of appellant paying to them the face value of said notes, with accrued interest, totaling $689.65, and released the 43 acres which O. W. Davis had sold to his son, David A. Davis, from the lien which they held against O. W. Davis to secure their notes against the entire tract, and applied the amount paid by appellant on the O. W. Davis land notes. The transfer executed by Nussbaum & Co. recited the first three notes had been paid, and duly transferred the last three. It did not pretend to release the first three notes, and only transferred the lien securing the last three.

Appellant, by several different assignments of error, contends that the trial court was in error in finding as a matter of fact that, at the time Nussbaum & Co. transferred the three notes to him, they did not know that the first three notes were not paid, and did not know that the Federal Land Bank held a first lien to secure said three notes; and was in error in refusing to render judgment in his favor against Nussbaum & Co. because of the fraud which they had perpetrated upon him at the time they sold and delivered to him said notes. We have carefully read the statement of facts, and overrule appellant's contentions. We think the evidence is sufficient to support the findings of the trial court.

█ █ While it is true Julius Nussbaum, the only one of the firm of Nussbaum & Co. who testified, made contradictory statements with

reference to his knowledge of the notes being transferred to and held by the Federal Land Bank, same simply raised a question of fact to be determined by the court. Speights v. Speights (Tex. Civ. App.) 176 S. W. 641; Melburn v. Webb (Tex. Civ. App.) 277 S. W. 800. Mr. Nussbaum testified positively that, at the time the first three notes were paid to him by O. W. Davis, he did not know the source from which O. W. Davis received the money; that said notes had been left with them only as collateral security for the payment of the O. W. Davis notes, and that, when the first three notes were paid, they surrendered same to him, and credited the amount paid on the O. W. Davis debt. Appellant testified that, when he first learned that the first three notes had been transferred to the Federal Land Bank, some four or five years after he purchased the last three notes, he immediately went and talked with Mr. Nussbaum, and that Mr. Nussbaum told him he did not know the Federal Land Bank had any lien on the land, and did.not know the notes had been trasferred to said bank. The record shows without dispute that Nussbaum & Co. only held the David A. Davis six notes·as collateral security to the debt due them by his father, O. W. Davis. When appellant took up said last three notes, they transferred same to him without indorsing said notes. They were not asked to, and did not, guarantee the payment of said notes. The only complaint made by appellant is that the trial court was in error in finding the facts as it did, and in basing the judgment on what he claims to be erroneous findings. As before stated, we think the evidence, without stating same more in detail, was sufficient to support the court's findings.

All of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.