## SHERROD v. POLLARD. (No. 3313.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 13, 1929.

Rehearing Denied Dec. 4, 1929.

Nordyke & Pardue, of Lubbock, for appellant.

Douglas & Scott, of Lubbock, for appellee.

RANDOLPH, J. This suit was filed in the county court of Lubbock county by appellee against appellant to recover from appellant a certain sum of money alleged to be due him by appellant. On trial before the court without a jury, judgment was rendered for appellee, and, from said judgment, appellant has appealed to this court.

■ The appellant has filed no assignments of error in the trial court; that is, no assignments of error are shown in the transcript.

It is held that proper assignments of error must be filed in the trial court, included in the transcript and presented in the brief, else this court has no jurisdiction to consider the appeal, unless there is a fundamental error or error occurring after the rendition of the judgment. This is required in the absence of a motion for a new trial, and, if such motion for new trial had been filed, as was not done in this case, the grounds of the motion may be urged as assignment of error. Article 1844, Vernon's Anno. Texas Statutes 1925; Phillips v. Webb (Tex. Civ. App.) 40 S. W. 1011; Newman v. Satterwhite (Tex. Civ. App.) 118 S. W. 1145; G., H. & S. A. Ry. Co. v. Cooper, 85 Tex. 431, 21 S. W. 678; Cano v. Galveston, etc., Ry. Co. (Tex. Civ. App.) 57 S. W. 692; Carrera v. Dibrell, 42 Tex. Civ. App. 99, 95 S. W. 628; McDonald v. McCrabb, 47 Tex. Civ. App. 259, 105 S. W. 238; Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Tarrant County v. Rogers, 104 Tex. 224, 135 S. W. 110, 136 S. W. 255; Nations v. Miller (Tex. Civ. App.) 212 S. W. 742; Ogg v. Loyd (Tex. Civ. App.) 207 S. W. 553; Lewis v. Geddes (Tex. Civ. App.) 223 S. W. 244; Carrera v. Hines (Tex. Civ. App.) 246 S. W. 1057; Clonts et al. v. Johnson (Tex. Com. App.) 294 S. W. 844; Farmers' State Bank v. McReynolds et al (Tex. Civ. App.) 1 S.W.(2d) 322.

■■ The appellant in his brief presents an error which would be fundamental error if the fact presented was true. The alleged error is that the plaintiff's petition shows on its face that it is an action for the recovery of an interest in real estate, and that the county court has therefore no jurisdiction to try it. This the plaintiff's petition does not show on its face or otherwise. The suit is to recover an amount paid as taxes upon certain lands and school land interest paid on the same, alleged to have been paid by plaintiff in the petition upon certain representations which were alleged to be false and which were due and owing to the plaintiff by defendant in the trial court by reason thereof. Plaintiff's prayer for relief prays for judgment for his debt and damages in said sum, for interest on his judgment, for costs of suit, and for all other general and special relief, in law and in equity, to which he may be entitled.

There are twenty-four propositions in the brief, alleging various errors, but, with the exception of the one just discussed, none of them present fundamental error or errors occurring after the rendition of the judgment.

We therefore affirm the judgment of the trial court.