TARRANT COUNTY v. ROGERS et al.

(Supreme Court of Texas. March 8, 1911.)

CLERKS OF COURTS (§ 35*)—EXCESSIVE FEES—ACCOUNTING.

A county clerk, who collected excessive fees and paid them to the county, was estopped from asserting that they were illegal, and the county could not be required by him to credit the same to him on an accounting, on the remote possibility that the persons paying them might demand their return.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 62; Dec. Dig. § 35.*]

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Tarrant County against R. L. Rogers and others. There was a judgment of the Court of Civil Appeals (125 S. W. 592), reversing in part and affirming in part, and rendering judgment for the county in an insufficient amount, and it brings error. Reformed and rendered.

McLean & Carlock, R. E. L. Roy, and W. H. Slay, for plaintiff in error. Capps, Cantey, Hanger & Short, Sidney L. Samuels, and McLean & Scott, for defendants in error.

WILLIAMS, J. This controversy arose out of differences between the county and defendant in error Rogers, its former county clerk, and his sureties, concerning the proper accounting for the receipts of his office. The suit was by the county to recover sums which it alleged defendant had received on several accounts, and which it claimed he was bound to pay over. The final decision before us for review, which was rendered by the Court of Civil Appeals (125 S. W. 592), established a balance in favor of the plaintiff in error of $2,330.31, bearing 6 per cent. interest from December 6, 1906, for which judgment was rendered. In reaching this result the court allowed the defendant a credit of $5,704.20 because of facts to be stated, and this allowance is all that is brought in question by this writ of error.

While Rogers was clerk he or his deputies collected large sums as fees charged for recording instruments; the amount of each fee having been fixed by an estimate, and not by a count of the number of words. Proper account had been made to the county of the sums thus received, and its portion thereof had been paid over. After he was sued in this case on other accounts, Rogers caused an actual counting of the words in instruments recorded during his incumbency, and ascertained that the amount that would have been properly due for the work under the statute was less than that actually received by the amount of the credit stated above. He therefore asserted that he had paid over to the county moneys to which neither himself nor it was entitled, and for collecting which he was liable to those who paid excessive amounts, not only for the re-

turn thereof, but for the penalty prescribed by article 2485, Rev. St. 1895. It appears that the large sum in question was made up of small ones charged and received in good faith from a large number of persons, none of whom raised any question, or has ever made any protest or claim.

It is clear that he can make no such defense. As between himself and the county, the sums charged and received by him were the ones for which he was accountable, and he is estopped to assert that they were illegally collected. This proposition is so well established that we need only refer to some of the authorities. Webb Co. v. Gonzales, 69 Tex. 457, 6 S. W. 781; Morris v. State, 47 Tex. 583; Mechem on Public Officers, 915.

The questions whether or not persons who paid the excessive fees could recover them, or the penalty, from him, and, if so, whether or not the county would be bound to refund to him, are not involved in this case. The money has been paid over properly, and the county cannot be required by him to return it, directly or indirectly, on the remote possibility that people may demand the return of the small sums paid by them.

The judgment of the Court of Civil Appeals will be reformed, so as to include the sum deducted as a credit, making in all $8,034.51, with 6 per cent. interest from December 6, 1906.

Reformed and rendered.