RAYMOND WALTEMAYER v. THE STATE.

No. 1100.  Decided April 5, 1911.

Burglary—Sufficiency of the Evidence.
    See opinion for facts held sufficient to sustain a conviction for burglary.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted, tried and convicted for burglary. His punishment was fixed at two years in the penitentiary.

The only question in the case is whether the evidence is sufficient to sustain the conviction. This is raised by appellant in various ways, but is, in effect, the sole question to be determined.

We do not propose to give all of the testimony, but will state sufficient of it, as we think, to determine whether or not it sustains the conviction.

The evidence clearly shows that Hardman, whose house was alleged to have been burglarized, with the intent to steal, was a furrier, skin dresser and taxidermist; that his place of business in San Antonio was next and adjoining that of a restaurant, wherein the appellant was the cook; that the appellant and Hardman were well acquainted;

that appellant was frequently in Hardman's house in the daytime and saw and knew his business and saw in his place of business many hides and skins belonging to Hardman which were prepared and kept therein; that on the evening of October 7, 1910, the prosecutor closed his place of business, as he usually did, at closing time and did not return until next morning. When he returned the next morning he found that several of his furs and skins had been taken out of his house. Among them was a big panther skin, with open mouth, all lined and worth about $40, and two big sheep skins worth about $10 and some other skins. The appellant knew Hardman claimed that his house had been burglarized and these skins stolen therefrom on the night of October 7, but said nothing whatever to Hardman about having any of his property in his, appellant's, possession. Some days after this, though the exact time is not stated, Hardman procured a search warrant, and with an officer went to where the appellant stayed, some distance from the restaurant where he worked as cook, and, upon searching his house and breaking open his trunk, found this panther hide and two sheep skins, his trunk being locked up. When they were discovered and recovered by Hardman, the only thing that appellant then said was, "This is your property, Mr. Hardman." There was no other explanation by him at that time or until he testified on the trial of how he came in possession of said property. When the officer and Hardman found the property in his trunk and recovered it, the appellant showed to be nervous and trembled.

On the trial of the case appellant claimed and testified that he found this panther hide and two sheep skins, tied up with a rope, and other things next morning after the burglary in the closet, or toilet, back of Hardman's place of business, which closet, or toilet, was used both by Hardman and the occupants of the restaurant where appellant worked.

The court gave a correct and full charge applicable to the case. Among other things the court charged: "If you believe from the evidence that defendant found the fur and hides that were in his trunk and claimed to have been stolen at the time of the alleged burglary, you will acquit the defendant."

The evidence further showed by the testimony of the appellant himself that the night of the burglary several Western Union boys came to the restaurant where he was at work and for what they would get to eat they cleaned up and scrubbed the kitchen for him. He claimed that these boys, before they entered Hardman's house that night, through the rear part thereof, told him that they were going to do so and that he saw them that night entering Hardman's place and that they took the goods which they got from the house away that night. That although he was a good friend of Hardman and saw these boys entering his house at night to steal these hides and skins that he did not inform Hardman thereof, nor any policeman,

nor give any notice or warning of the burglary at all; that when he found this panther hide and the two sheep skins in the toilet early the next morning he took them in the restaurant and kept them there till he went home that night, and said nothing to Hardman or anyone else about them; that when he found them he did not know they were Hardman's. That afterwards when he took them home he first put them into an old cupboard, then took them out and put them in his trunk and locked the trunk; that he was afraid and ashamed to take them back to Hardman afterwards for fear Hardman would accuse him or think he had burglarized his house and stolen the goods.

This is but a brief summary of the evidence. We think from it, the jury was clearly authorized to convict the appellant and that the evidence fully sustains the conviction.

There being no error, the judgment is in all things affirmed.

*Affirmed.*