# APRIL, 1911.

## Tarrant County v. R. L. Rogers et al.

No. 2129.    Decided March 8, April 19, 1911.

**1.—County Officer—Fees Collected.**

As between a county officer and the county in a settlement of his account for fees collected, the sums charged and received by him as fees of office were the ones for which he was accountable and he was estopped from asserting that they were illegally collected.    (P. 226.)

**2.—Same—Case Stated.**

A county clerk, in settlement of his accounts with the county could not obtain credit for the difference between the fees for recording instruments which he had charged and collected on an estimate of the number of words contained and the less fees legally collectible therefor as ascertained by actual count of the words, none of the persons who made such payments having complained of the excess.    (Pp. 225, 226.)

ON MOTION FOR REHEARING AND TO CORRECT JUDGMENT.

**3.—Practice in Supreme Court.**

The Supreme Court will not consider errors not fundamental and not presented by the assignments of plaintiff in error nor by cross-assignments by defendant in error.    (Pp. 226, 227.)

Tarrant County sued Rogers and others and had judgment, but appealed, claiming right to a larger recovery under the proof. The judgment was affirmed in part and reversed and rendered in part, and thereupon appellant obtained writ of error.

*McLean & Carlock, R. E. L. Roy* and *W. H. Slay,* for plaintiff in error.—That the fees of office collected by the county clerk constitute public revenue, we cite the case of Ellis County v. Thompson, 95 Texas, 31.

In support of the proposition that fees of office in excess of legal fees voluntarily paid to the county clerk by mistake and by him paid over to the county treasurer can not be collected from the county clerk after the same have been paid over, without protest or objection by the party who paid said fees, we cite the following authorities: Galveston County v. Gorham, 49 Texas, 279; City of Houston v. Jacob Feezer, 76 Texas, 365; Elliott v. Swartwout, 10 Peters (U. S.), 133; Meacham on Agency, secs. 564, 565; Cooley on Taxation, 809.

*Sidney L. Samuels, McLean & Scott, Capps, Cantey, Hanger & Short* and *Theodore Mack,* for defendant in error.—Where a public officer collects excessive and illegal fees, those who have paid such excessive and illegal charges can maintain an action to recover them back if they were originally made under a mistake of fact on the part of those who paid or upon the part of those who received the payment. Article 2485, Revised Statutes; Galveston County v. Gorham, 49 Texas, 304; Hayes v. Stewart, 8 Texas, 358; Wood County v. Cate, 75 Texas, 215; Hirshfield v. Ft. Worth Natl. Bank, 83 Texas, 460; American Exch. F. Ins. Co. v. Britton, 8 Bos. (N. Y.), 148; Shattuck v. Woods, 1 Pick. (Mass.), 171; Ripley v. Gelston, 9 Johns. (N. Y.), 201; Ogden v. Maxwell, 3 Blatchf. (U. S.), 311.

Mr. Justice Williams delivered the opinion of the court.

This controversy arose out of differences between the county and defendant in error, Rogers, its former county clerk and his sureties, concerning the proper accounting for the receipts of his office. The suit was by the county to recover sums which it alleged defendant had received on several accounts and which it claimed he was bound to pay over. The final decision before us for review, which was rendered by the Court of Civil Appeals, established a balance in favor of the plaintiff in error of $2330.31, bearing six percent interest from December 6, 1906, for which judgment was rendered. In reaching this result the court allowed the defendant a credit of $5704.20 because of facts to be stated and this allowance is all that is brought in question by this writ of error.

While Rogers was clerk, he or his deputies collected large sums as fees charged for recording instruments, the amount of each fee having been fixed by an estimate and not by a count of the number of words. Proper account had been made to the county of the sums thus received and its portion thereof had been paid over. After he was sued in this case on other accounts, Rogers caused an actual counting of the words in instruments recorded during his incumbency and ascertained that the amount that would have been properly due for the work under the statute was less than that actually received by the amount of the credit stated above. He therefore asserted that he has paid over to the county monies to which neither himself nor

it was entitled and for collecting which he was liable to those who paid excessive amounts not only for the return thereof, but for the penalty prescribed by article 2845, Revised Statutes. It appears that the large sum in question was made up of small ones charged and received in good faith from a large number of persons, none of whom raised any question or has ever made any protest or claim.

It is clear that he can make no such defense. As between himself and the county, the sums charged and received by him were the ones for which he was accountable and he is estopped to assert that they were illegally collected. This proposition is so well established that we need only refer to some of the authorities. Webb County v. Gonzales, 69 Texas, 457; Morris v. State, 47 Texas, 583; Mechem on Public Officers, 915.

The questions whether or not persons who paid the excessive fees could recover, them or the penalty, from him, and, if so, whether or not the county would be bound to refund to him, are not involved in this case. The money has been paid over properly and the county can not be required by him to return it, directly or indirectly, on the remote possibility that people may demand the return of the small sums paid by them.

The judgment of the Court of Civil Appeals will be reformed so as to include the sum deducted as a credit, making in all $8034.51, with six percent interest from December 6, 1906.

<em>Reformed and rendered.</em>

Filed March 8, 1911.

ON MOTION FOR REHEARING AND TO REFORM JUDGMENT.

Mr. Justice Dibrell delivered the opinion of the court.

Heretofore in this cause a writ of error was granted to the Court of Civil Appeals of the Third District at the instance of plaintiff in error, Tarrant County, and the judgment of said court was reformed and rendered by this court in favor of Tarrant County against the defendant in error, appellee in the Court of Civil Appeals, R. L. Rogers and K. M. Van Zant and N. Harding sureties on his official bond for the sum of $2330.51, at six percent interest thereon from December 6, 1906. The amount of the judgment rendered by the Court of Civil Appeals represented the sum of $472.71 found by said court to be the correct amount awarded the plaintiff in error in the court below and the difference between the sum of $5704.20 found by the jury to have been paid by the defendant in error to the plaintiff in error in excess of what he should have paid upon excess of fees collected, and the sum of $7562 found by the Court of Civil Appeals to have been paid by plaintiff to defendant in error for indexing records, in excess of what should have been paid.

As determined by this court, speaking through Justice Williams, the only question presented by the writ of error for decision was whether the defendant in error, who was defendant in the trial court, was entitled to offset the sum of $5704.20 paid to the county of Tarrant in excess of what he claimed he should have paid for the pur-

pose and under the circumstances detailed in the opinion of Justice Williams.

The amount of the judgment rendered by this court was arrived at by adding to the judgment of the Court of Civil Appeals for $2330.51 the sum of $5704.20 adjudged by this court to have been wrongfully allowed defendant in error by both the trial court and Court of Civil Appeals.

The defendant in error has filed in this court motions for rehearing and to reform the judgment as to the amount awarded plaintiff in error as hereinbefore set out. It is probable that in so far as the amount of the judgment rendered would be affected there is merit in the motion, but the record fails to disclose any cross-assignment presenting the question so that it might be passed on by this court. It has been the uniform practice in the Supreme Court that all questions, not involving fundamental error of law apparent on the record, must be presented by assignments or cross-assignments of error, and unless they are so presented the court will not consider them, however meritorious they may appear to be. No complaint by cross-assignment on the part of defendant in error has been made in this court as to the amount of the judgment rendered against defendant in error by the Court of Civil Appeals, and hence we are unable to give the questions consideration. Blum v. Moore, 91 Texas, 277; Texas Company v. Stephens, 100 Texas, 628.

Motion for rehearing and to reform judgment is overruled.

Filed April 19, 1911.