**RALEY v. SAN ANTONIO WATER SUPPLY CO.    (No. 6579.)**

(Court of Civil Appeals of Texas. San Antonio. June 15, 1921.)

**Waters and water courses ⬅➡203(13)—Petition to restrain turning off water held insufficient.**

A petition by a consumer for a decree restraining a water company from turning off the water from his houses for nonpayment of charges alleged to be illegal and excessive, and also for a construction of the contract, *held* insufficient to warrant relief; there being no definite allegations required by Rev. St. arts. 4643, 4649, showing injury would result from the threatened act, and no attempt by the pleader to set forth the contract.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by James Raley against the San Antonio Water Supply Company. Action dismissed, and plaintiff appeals. Affirmed.

James Raley, of San Antonio, for appellant.
Taliaferro, Cunningham & Moursund, of San Antonio, for appellee.

SMITH, J. James Raley, as plaintiff below, filed this suit against the San Antonio Water Supply Company. A general demurrer to plaintiff's petition was sustained, and, the plaintiff declining to amend, the suit was dismissed. This appeal results. The petition of the plaintiff below was as follows:

"Plaintiff says that he and defendant are residents of Bexar county, Tex., and defendant is a corporation duly incorporated by the state of Texas for the purpose of supplying water to the citizens of San Antonio (and plaintiff is one of such citizens), and duly chartered by said city by ordinance and by agreement between said defendant and said city as trustee for all the citizens thereof.

"Plaintiff built and owned a number of houses on block 10, city block 2249, on Gould and Salinas streets, and had connected them with defendant's large water main on Zarzamora street on Prospect Hill.

"At plaintiff's request defendant put in a meter on defendant's pipe on Gould street, and charges plaintiff illegal and extortionate bills for the rent of meter and the water used, to wit: For the first house supplied, 80 cents per month, and for each house supplied, 53 cents per month, and for rent of meter, 20 cents per month.

"Plaintiff alleges that the contract with the city provides that where a meter is put in the water company can charge 20 cents a month for the rent of the meter and 80 cents a month for 6,650 gallons of water used, and if more is used the company can charge 1.12 cents for each 100 gallons for such excess.

"Nowhere in the contract is 53 cents mentioned; and the contract further provides that no charge can be made for anything unless it is provided for in this contract.

"Plaintiff says that defendant has rendered bill for September and October, 1920, for three houses using water running through the meter, but not in excess of 6,650 gallons, and have charged 53 cents for each of two houses, and threaten to turn off the water unless these charges are paid.

"Plaintiff says he has tendered to defendant $1 for each month, which is the correct bill, and it was refused.

"Plaintiff asks for a decree restraining defendant from turning off the water, and also for a construction of the contract and for general relief."

A temporary restraining order was issued in the case, but upon a hearing the court below held that the matters set up in the petition were not sufficient to entitle the plaintiff to an injunction, the temporary order was set aside, and upon his request the plaintiff was granted leave to amend, which he subsequently declined to do.

It will be observed that the prayer is simply that—

The "plaintiff asks for a decree restraining defendant from turning the water off, and also for a construction of the contract, and for general relief."

To say the least of it, the petition does not "contain a plain and intelligible statement of the grounds for" the relief sought by injunction, as required by article 4649, R. S. The allegations are vague and confused; so much so, in fact, as to be almost unintelligible, and the nature of the complaint and grounds for relief must be deduced from inferences rather than from definite statements. There is no attempt to show that injury to appellant, irreparable or otherwise, would result from the execution of the threat to "turn off the water," or that the threatened act would "tend to render judgment ineffectual" in the main case, an allegation required in article 4643. If appellant had any clear and definite grounds entitling him to an injunction, he should have amended and alleged them, as he was given an opportunity to do, at his request.

The contract appellant sought to have construed was not described by him. It was not attached to the petition, nor was a copy thereof, and the pleader did not attempt to set forth, or state even in general terms the provisions of it. The trial court was not advised as to who were the parties to the contract, or the purposes, terms, or effect of it, and there was nothing before the court to construe or determine.

If appellant had a cause of action for damages, he did not state it in his petition. He did not allege that he had been damaged or would likely be injured, or even that the threatened act of the appellee would result in injury to him. He stated no cause of action for any purpose.

The judgment is affirmed.

FLY, C. J., entered his disqualification, and did not sit in this case.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes