KELLY v. SOUTHWESTERN BELL TELEPHONE CO. (No. 6640.)†

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1921. Rehearing Denied Jan. 11, 1922. On Motion for Rehearing, Jan. 25, 1922.)

Appeal and error ⊜⇒754(1)—General claim of fundamental error not applicable where petition is questioned by special exceptions, and ruling is not assigned as error.

The general claim of fundamental error to reverse ruling sustaining a general demurrer to petition is not applicable when every phase of the petition is questioned by special exceptions, and passed on, and the ruling of the court sustaining them is not assigned as error, under Rev. St. 1911, art. 1612, Rules of Court of Civil Appeals 23, 24 (142 S. W. xii), and Rules 1921 (230 S. W. vii).

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by Ben H. Kelly against the Southwestern Bell Telephone Company. Judgment for defendant, and plaintiff appeals. Affirmed.

H. S. Groesbeck, of San Antonio, for appellant.

Joseph D. Frank and R. D. Hardy, both of Dallas, and Henry & Bickett, of San Antonio, for appellee.

COBBS, J. This suit is to recover from the Bell Telephone Company, appellee, a foreign corporation giving telephone service in San Antonio, $1,532 actual and $1,000 exemplary damages, by reason of the failure of appellee to list his name in one of the telephone directories published and circulated for the year 1920.

The appellee filed a general demurrer, together with 49 special exceptions to the petition, and the court sustained each and all the exceptions, general and special. The appellant refusing to amend, the cause was dismissed, from which ruling this appeal is presented here.

The appellant assigned only one error, as follows:

"The court erred in sustaining a general demurrer directed to appellant's first amended original petition, and, upon appellant declining to amend his said petition, thereupon dismissing said suit, for the reason that appellant's said petition was sufficient as against a general demurrer in that the matters therein alleged set up a legal and valid cause of action against the defendant."

The appellant does not comply with the rules of the court for briefing. He gives no clear statement of the nature of the case so that the court may determine therefrom what was really involved.

There is nothing to show wherein, as it is contended, "it set up a valid cause of action against the defendant," and submits this most general assignment as "a proposition within itself," and for a statement thereunder copies the entire lengthy pleading.

The special exceptions seem to have questioned everything in the petition, and were directed at every phase of any theory presented that would have entitled a recovery. There is no appropriate assignment directed to any specific ruling of the court upon any separate and definite special exception, upon which the appeal is made, or any specific error complaining of the rulings of the court. The general claim of fundamental error is not applicable when every phase of the petition is questioned by special exceptions and passed on, and the ruling of the court thereon is not assigned as error. The rule established for orderly practice and procedure is to preserve proper exceptions thereto, and make assignment based directly thereupon covering all errors complained of, other than fundamental error. Article 1612, R. S.; Rules of Court of Civil Appeals 23, 24 (142 S. W. xii); Rules 1921 (230 S. W. vii); Tarrant County v. Rogers, 104 Tex. 224, 135 S. W. 110, 136 S. W. 255; Raley v. San Antonio Water Supply Co., 233 S. W. 318.

The court has practically passed upon every question raised and presented in the petition by passing on the special exceptions, and we take it in sustaining the general demurrer it was a mere incident, because in sustaining the several special exceptions there was nothing left to try. Therefore, all the law questions ruled upon by the court in sustaining the 49 special exceptions, were directed at the liability, if any, for the reasons stated, the sustaining of which emasculated the petition, and, having failed to make specific assignments complaining of such rulings, logically those rulings thereby became confirmed, and thus became the law of the case.

If there was any fundamental ruling at all in regard to the claim for $32 actual damages for services actually paid for, sought to be recovered, it would be below the jurisdiction of the court.

We have been shown no fundamental error committed in the ruling of the court that justifies a reversal, and the judgment is affirmed.

### On Motion For Rehearing.

In our original opinion, as well as upon the consideration of the motion for rehearing, we considered the judgment of the trial court as complained of as a fundamental error. So also again, in passing upon and overruling the motion for a rehearing. After the elimination of the portions of the petition on special exceptions not assigned as error, we could find no cause of action stated therein upon which a trial could be had based upon allegations for damages. We thought the opinion made that plain enough, but to make it so plain as not to be overlooked, we now here again state that we considered the ruling of the trial court from every standpoint searching for a fundamental error. There was no cause of action stated left in the petition after the elimination of all the elements of damage that appellant claimed that he was entitled to recover upon, except as stated in the opinion in regard to the item of $32 claimed for actual damages, because the exceptions and ruling of the court thereupon eliminated every item including the $1,500 or any other sum sued for, which left the amount of actual damages below the jurisdiction of the court. Hence, having fully considered the case, and finding nothing new presented in the motion for rehearing, it was overruled.