

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN,
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Dear Sir:                    Opinion No. O-4545
                             Re:  Collection of delinquent
                                  taxes in installments.

          We have your letter of April 13, 1942, re-
questing our opinion in response to these questions:

          "1.   Is Article 7345c, Vern. Ann. Civ.
Stat., now in force and effect?  Sec. 3 of
this Article apparently provides that its
terms will not extend beyond a period of 20
months from July 1, 1937.

          "2.   Aside from Article 7345c, has the
Assessor and Collector of Taxes any authori-
ty to establish a system for receiving par-
tial payments of delinquent taxes including
the creation of a special trust fund from
which he withdraws from time to time sums of
money which he pays to the County Treasurer
in settlement of one or more delinquent tax
years?

          "3.   Must such a system be approved by
the Comptroller and is the supervisory power
of that officer as to forms and other regu-
lations exclusive of other officers?  Must
such a system be subject to the approval of
the County Auditor of Harris County, Texas,
under applicable statutes governing Harris
County, including Article 1656a, Vern. Ann.
Civ. Stat.?

Hon. Dan W. Jackson - Page 2

"4. Do the obligations of the official bond of the Assessor and Collector extend to monies held in the special account prior to payment into the County Treasurer?"

Sections 1, 2 and 3 of Article 7345e, Vernon's Annotated Civil Statutes, read:

"Section 1. On and after July 1, 1937, taxpayers owing delinquent State and county taxes, covering both real estate and personal property, shall be permitted to pay such delinquent taxes in partial payments under a system which shall be hereinafter provided for.

"Partial payment or installment account system to be created

"Sec. 2. The Assessor and Collector of Taxes of each county of this State shall create and establish a partial payment or installment account system whereby all delinquent taxpayers desiring to pay their taxes under the provisions of this Act may do so.

"Number of installments; time of payment

"Sec. 3. All payments received by the Assessor and Collector of Taxes under the provisions of this Act shall be due and payable within twenty (20) months from the date of July 1, 1937, such payments being due and payable in ten (10) equal installments, provided that the first payment of such partial payments shall be made on or before September 1, 1937."

In providing that all payments received under the Act should be due and payable within twenty months from the date of July 1, 1937, it is our opinion that Section 3 had the effect of making the Act inoperative after the expiration of said twenty months. Such, we understand, has been the interpretation placed upon the Act by the Comptroller's office and all county officials who had acted under the statute. Answering your first question, it is our opinion that Article 7345c is not now in force and effect.

We now address ourselves to your fourth question. The courts have never passed on this exact question so far as we have been able to find. In Howell v. State, 146 S. W. (2) 747, a county tax collector had received installment payments of delinquent taxes. He was charged with having misappropriated some of such funds, it being alleged that same were public moneys, and convicted. The Court of Criminal Appeals sustained the conviction. In Oliver v. Lindsay, 125 S. W. (2) 1097, by the San Antonio Court of Civil Appeals, a deputy tax collector had taken from a taxpayer the sum of $4,900.00 in cash and had issued a certificate that all taxes due by him had been paid. Apparently the deputy never paid this money over to his principal. The taxpayer sued the tax/collector to have said sum of $4,900.00 properly credited to him and a regular tax receipt issued. The surety on the bond was made a party. Plaintiff prevailed in both the trial court and the Court of Civil Appeals, it being held that defendant tax collector was estopped to deny liability on the ground that less than the full amount due had been accepted. The court pointed out, however, that the deputy had represented to the taxpayer that the $4,900.00 was sufficient. The Supreme Court refused a writ of error. From American Indemnity Co. v. Mexia Ind. School Dist., 47 S. W. (2) 682, Waco Court of Civil Appeals, opinion by Judge Alexander, error dismissed, we quote:

"The funds misappropriated by Arrington were collected by him as taxes claimed to be due the school district. The appellant contends that it was necessary for the district to allege and prove that it had authority to levy taxes and had made a legal levy, and that the funds received by Arrington were actually due the district by the property owners as such taxes. The bond bound the surety company to make good and reimburse the district for 'all pecuniary loss sustained by the obligee, of money, securities or other personal property in the possession of the principal

Hon. Dan W. Jackson - Page 4

or for the possession of which he is responsible,
by any act of dishonesty on the part of said princi-
pal in the discharge of the duties of his office
or position as set forth in said statement referred
to, amounting to larceny or embezzlement.'  The
funds collected by Arrington were received by him
by virtue of his office as tax collector and as
taxes claimed to be due the district by the property
owners for the use and benefit of the district,
and it was his duty to account to the district for
such funds, regardless of whether they were legally
or illegally collected from the property owners.
He was the agent of the district in collecting the
taxes, and whatever came into his hands as such
became the property of his principal.  If any of
such taxes were illegally collected from the pro-
perty owners, the district and not Arrington would
be responsible for a return thereof to the pro-
perty owners.  The district therefore became en-
titled to the funds regardless of whether they
were legally collected from the property owners, and
was entitled to recover from the collector's
surety, upon his failure to account for said funds.
Webb County v. Gonzales, 69 Tex. 455, 6 S. W. 781;
Tarrant County v. Rogers, 104 Tex. 224, 135 S. W. 110,
136 S. W. 255; County of Galveston v. Galveston Gas
Company, 72 Tex. 509, 10 S. W. 583."

We are persuaded that your fourth question should be
answered in the affirmative. Nevertheless, the exact point
has never been passed upon by our appellate courts and we
respectfully suggest the inadvisability of inaugurating a
procedure concerning which there is at least some question
of the surety's liability.

We shall now devote ourselves to your second and
third questions. The fact that the collector might be re-
sponsible on his bond for collections handled in that way
does not mean that it would be a proper procedure.

The Comptroller advises us that he has never at-
tempted under the rule making powers given him by Article
4344, Revised Civil Statutes, to authorize such action.  On
the other hand, he tells us that on every occasion that
the question has been presented to him, at least during the

Hon. Dan W. Jackson - Page 5

present administration of that office, he has advised against it - except during the life of Art. 7345c. In Art. 7260, Revised Civil Statutes, the Tax Collector is required to make monthly reports and to make payment to the State Treasurer of all moneys collected by him for the State during said month. Quite evidently the statutes fixing the bonds of the tax collector, Arts. 7247-7249, Revised Civil Statutes, were enacted with the provisions of Art. 7260 in mind, and in the view that no such a fund as the one proposed should be allowed to accumulate. We answer your second question in the negative, in view of which we do not deem it necessary to further deal with your third question.

It may not be amiss for us to mention that a taxpayer may pay his delinquent taxes due for a particular year on a piece of property without paying delinquent taxes for other years. The Comptroller advises that he has always permitted this to be done.

APR. 29, 1942

ASSISTANT
ATTORNEY GENERAL

GRL:BT

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant



APPROVED
OPINION COMMITTEE
BY
CHAIRMAN