

# The Attorney General of Texas

January 12, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Harold Lerew
Wichita County Attorney
County Courthouse
Wichita Falls, Texas    76301

Opinion No.  MW-422

Re:  Meaning of "conviction" in section 9(b)(3) of article 2372p-3, V.T.C.S., prior to 1981 amendment

Dear Mr. Lerew:

You have asked about the meaning of the term "conviction" as used in section 9(b)(3) of article 2372p-3, V.T.C.S., prior to its amendment effective October 31, 1981.

Prior to the recent amendment of article 2372p-3, section 9(b)(3) read as follows:

> (b)  Any license may be suspended or revoked by the [County Bail Bond] Board for:
>
> . . .
>
> (3)  conviction under the laws of this or any other state or of the federal government of a misdemeanor involving moral turpitude or of a felony.... (Emphasis added).

The Sixty-seventh Legislature extensively revised article 2372p-3. Section 9(b)(3) remains the same, however, except the amendment changed the wording of section 9(b)(3) so that it now reads "final conviction" instead of merely "conviction". Acts 1981, 67th Leg., ch. 312, §1 at 882. It is our opinion that the word "conviction" as used in section 9(b)(3) of article 2372p-3 prior to the amendment thereto referred to a "final conviction" and that the recent addition of the word "final" merely clarified the matter; it did not work a substantive change. See Attorney General Opinion O-1894 (1939). "Final conviction" means a conviction from which all rights of direct appeal have been exhausted. See Allen v. Texas Department of Public Safety, 411 S.W.2d 644 (Tex. Civ. App. - Texarkana 1966, no writ).

The revocation of a bail bondsman license by a county bail bond board is judicial in nature. Travis County Bail Bond Board v. Smith, 531 S.W.2d 236 (Tex. Civ. App. - Waco 1975, no writ). See Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ). Unlike the failure or refusal of the board to grant a license, the revocation or suspension of a bondsman's license may involve the loss of a property right protected under the due process clauses of the state and federal constitutions. See U.S. Const. Amend. 14; Tex. Const. art. I, §19; 10 Tex. Jur. 3d, Business and Occupation Licenses §15.  Cf. Smith v. Travis County Bail Bond Board, 559 S.W.2d 693 (Tex. Civ. App. - Austin 1977, writ ref'd n.r.e.) (denial of license). The question of whether the revocation or suspension of such a license for other than a final conviction would violate due process need not be addressed, however, inasmuch as section 9(b)(3) of the statute always contemplated a final conviction, in our opinion.

Similar language was contained in the old Liquor Control Act, article 667-5, Penal Code of 1925, when it was considered by Attorney General Gerald Mann in Attorney General Opinion O-1894 (1940). It required the county judge to refuse a license application if the applicant had been "convicted of a felony" within two years. Attorney General Mann concluded that under a statute like article 44.11 of the current Code of Criminal Procedure (which suspends and arrests the trial court's judgment until the appellate court has rendered judgment and returned its mandate), the term "convicted of a felony" as used in a statute such as the one under consideration meant a "final conviction." Thereafter, the legislature amended the statute to expressly require such refusal only if the applicant had been "finally convicted." See Acts 1953, 53rd Leg., R.S., ch. 249 at 643. As brought forward in the 1977 Alcoholic Beverage Code, the provision now appears in section 61.43(1) of the code. Cf. V.T.C.S., art. 6252-13c (revocation or suspension of licenses for prior criminal convictions). The situation here is analogous, and we reach a similar conclusion.

We note that the words "after conviction," as used in article IV, sections 11 and 11-A of the constitution respecting the gubernatorial pardoning power, do not mean a final conviction in the sense that a mandate of affirmance has been issued by the court of criminal appeals, or that no appeal has been taken. See McNew v. State, 608 S.W.2d 166 (Tex. Crim. App. 1978); Ex parte Giles, 502 S.W.2d 774 (Tex. Crim. App. 1973); Duke v. State, 291 S.W. 541 (Tex. Crim. 1927). Nevertheless, it has been the law in Texas for many years that a person is not a "convict" in the sense that the penalties of conviction can be visited upon him until the judgment against him has become final. See Arcia v. State, 9 S.W. 685 (Tex. App. 1888, no writ). We do not think it was the purpose of the legislature, when enacting section 9(b)(3) in its original form, to authorize the penalizing of a person found guilty by a jury regardless of whether

the verdict was later overturned.  See Code Crim. Proc., art. 44.11 (effect of appeal); State v. Klein, 224 S.W.2d 250 (Tex. Crim. 1949). Cf. Woodmen of the World v. Dodd, 134 S.W. 254 (Tex. Civ. App. 1911, no writ) (avoidance of insurance policy).

## S U M M A R Y

The placement of the word "final" before the word "conviction" in section 9(b)(3) of article 2372p-3, as amended, did not work a substantive change in the grounds for revocation or suspension of a bail bondsman's license, but merely clarified the prior law.

Very truly yours,

**M A R K   W H I T E**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
W. Reed Lockhoof
Jim Moellinger
Bruce Youngblood